UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION
2018 TERM

BOARD OF TRUSTEES OF THE
INDIANA LABORERS WELFARE FUND,
    Plaintiff,

VS.                                                               CASE NO. 2:18-cv-286

FANNIE MOLDEN,
    Defendant.

## COMPLAINT FOR EQUITABLE RELIEF AND ENFORCEMENT OF EMPLOYEE WELFARE BENEFIT PLAN

Comes now the Plaintiff, Board of Trustees of Indiana Laborers Welfare Fund (the "Fund") by and through its attorney, Richard J. Shagley II, of the law firm Wright, Shagley & Lowery, P.C., and for its cause of action against the Defendant, Fannie Molden ("Fannie"), alleges and says:

### Jurisdiction

1. This Court has subject matter jurisdiction over this civil action based upon Section 502 of the Employee Retirement Income Security Act of 1974, specifically codified at 29 U.S.C. §1132(a)(3), in that the Plaintiff is a fiduciary seeking to "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan". 29 U.S.C. §1132(a)(3).

2. The Fund is a self-funded "employee welfare benefit plan" as defined by 29 U.S.C.A. § 1002; was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, medical, surgical, or hospital care or

benefits, or benefits in the event of sickness, accident, disability, death or unemployment; its principal place of business is the administrative office located at 413 Swan Street, Terre Haute, IN 47807; and brings this action on behalf of the trustees, participants and beneficiaries.

3. Fred Molden (deceased) was an active participant in the Fund and received coverage and benefits provided by the Fund and Fannie received coverage and benefits provided by the Fund as his spouse.

4. Pursuant to 29 U.S.C. § 1132(e), the federal district courts of the United States have exclusive jurisdiction over this type of action, which may be filed in any district where the fund in administered. This Court is the proper venue for this action, as the Fund is administered in Terre Haute, Indiana with its office located at 413 Swan Street, Terre Haute, IN 47807.

### Facts

5. The Fund provides benefits to its participants in accordance with the terms of its Combination Plan Document and Summary Plan Description (the "Plan").

6. Fred was an active participant in the Fund and received coverage and benefits provided by the Fund and Fannie received coverage and benefits provided by the Fund as an eligible spouse.

7. Fred and Fannie were divorced on May 25, 2010 in Lake Circuit Court, under Cause No. 45C01-0810-DR-713. A copy of the Chronological Case Summary is attached hereto, incorporated herein and designated Exhibit "A".

8. The Fund was not notified of the parties' divorce and continued to pay claims submitted and provide benefits to Fannie after the parties were divorced and she was no longer covered under the Plan.

**CLAIMS FOR RELIEF: ENFORCEMENT OF PLAN, UNJUST ENRICHMENT, RESTITUTION, NEGLIGENCE, FRAUD, WILFUL AND**

## MALICIOUS INJURY TO PROPERTY

9. Plaintiff incorporates by reference rhetorical paragraphs 1 through 8.

10. Defendant was unjustly enriched by the receipt of coverage and benefits from the Fund to which they were not entitled and restitution is warranted.

11. Moreover, the Defendant's failure to inform the Fund of the divorce constitutes actionable negligence, but also rises to the level of a fraud perpetrated on the Fund and a willful and malicious injury to the Fund's assets and property.

12. Upon conducting an internal audit, the Fund has determined that the Defendant received mistaken and excess payments which were overpaid in the sum of Fifty-Two Thousand Seven Hundred Fifty-Seven Dollars and 96/100 ($52,757.96).

13. The Fund is entitled to recover these overpaid benefits pursuant to the Section 8.15 of the Plan, which states:

> ***Section 8.15 – Other Rights of Recovery***
> Whenever benefit payments are made under the Plan which are in excess of eligible expenses or other Plan limits (including mistaken payments), the Board of Trustees shall have a right to recover the mistaken or excess amount from either –
>
> A) the person or agency who received it, or
>
> B) the Participant, Totally Disabled Participant, Retiree or covered Dependent.
>
> In the case of the Participant, Totally Disabled Participant, Retiree or covered Dependent, the Board of Trustees reserves the right to reduce future benefit payments under the Plan in order to correct a prior overpayment;

and also pursuant to 29 U.S.C. § 1132(a)(3), which states in relevant part:

> (a) Persons empowered to bring a civil action
> A civil action may be brought--
> (**1**) by a participant or beneficiary--
> (**A**) for the relief provided for in subsection (c) of this section, or
> (**B**) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

**(2)** by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
**(3)** <u>by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan</u>;

29 U.S.C.A. § 1132 (emphasis added). A copy of Section 8.15 of the Plan is attached hereto, incorporated herein by reference and designated Exhibit "B".

      14.     The Fund has formally requested a return of the overpaid benefits but Defendants have failed to return any portion thereof and remain liable thereon.

      15.     Pursuant to 29 U.S.C. 1132(g), the Court in its discretion may allow a reasonable attorney's fee and costs of action incurred by Plaintiff in bringing this action against the Defendants.

      WHEREFORE, Plaintiff respectfully requests judgment against Defendant in the sum of Fifty-Two Thousand Seven Hundred Fifty-Seven Dollars and 96/100 ($52,757.96) plus prejudgment interest, reasonable attorney fees, the costs of this action and for all other just and appropriate relief in the premises.

      Respectfully submitted,

      WRIGHT, SHAGLEY & LOWERY, P.C.
      500 Ohio Street
      P.O. Box 9849
      Terre Haute, IN 47808
      Phone:  (8l2) 232-3388
      Fax #:  (812) 232-8817

      By:  __/s/ Richard J. Shagley II_____
            Richard J. Shagley II (#23135-84)
            Attorneys for Plaintiff